```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 08-20345** |
| | ) | |
| **SCOTTY TWITTY** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant Scotty Twitty's January 22, 2009 motion to suppress. The United States responded on February 17, 2009. The motion was referred to Magistrate Judge Diane K. Vescovo on February 18, 2009. The Magistrate Judge held a hearing on March 17, 2009. On April 2, 2009, Magistrate Judge Vescovo filed her Report and Recommendation recommending that the Defendant's motion to suppress be denied. Defendant objected to the Report on April 26, 2009, and the United States responded on April 24, 2009.

**I.   BACKGROUND**

Defendant Scott Twitty was indicted on four counts of possessing a fireman as a convicted felon in violation of 18 U.S.C. § 922(g). Count One charges Twitty with possessing an E.R. Amantino twelve gauge shotgun, Count Two charges him with

possessing a Mossburg .20 gauge shotgun, Count Three charges him with possessing a Colt .45 caliber semi-automatic pistol, and Count Four charges him with possessing a CGA 7.62 x 39 mm caliber rifle.  Twitty moved to suppress all evidence seized as a result of a warrantless search of his place of business, Twitty City Auto Sales, including, but not limited to, the E.R. Amantino twelve gauge shotgun and the Mossburg .20 gauge shotgun, which are the subjects of Counts One and Two of the indictment.

## II.  STANDARD OF REVIEW

"A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  The district court is not required to review—under a de novo or any other standard— those aspects of the report and recommendation to which no objection is made.  Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  Id. at 151.

## III. ANALYSIS

Defendant "objects to the Magistrate's proposed conclusion of law that the defendant 'freely and voluntarily' consented to the search of his business premises, and the Magistrate's ultimate conclusion that Defendant's Motion to Suppress should be denied." (Def. Obj. 1.) "Defendant further objects to the proposed findings of fact insomuch as the Magistrate overrates the credibility of Deputy Walker and omits certain facts that Defendant submits are critical for the determination of the issue at hand." (Id.)

**A. Objections to Proposed Findings of Fact**

Defendant maintains that there are aspects of Deputy Walker's version of events that are not credible. (Id. 2.) Defendant submits an alternate version of events whereby, "Walker frisked Defendant in the parking lot...[and] Defendant was effectively in custody before Walker entered the building, and Defendant was given no option to deny Walker entry to the business premises." (Id. 3.) Walker was the only witness to testify at the Evidentiary Hearing on Defendant's motion to suppress. No one testified to Defendant's alternate version of events. The Magistrate Judge found Walker's "testimony credible in all respects" and adopted as fact his version of events. (Mag. J. Report & Rec. 2.)

Defendant argues that Walker's testimony that he waited to frisk Twitty, a suspect in the burglary of a pistol, until he

3

was inside Twitty's place of business is not credible. (Def. Obj. 3.) Defendant argues that if "it was not necessary to frisk the Defendant in the parking lot, why did it become necessary to do so once Walker entered the building." (Id.) Defendant's argument is not persuasive. The events to which Defendant refers took place over the course of several minutes. After learning that another individual was on the premises, it is not unbelievable that Walker, in his professional judgment, decided to wait until he was inside and in the presence of both individuals to frisk Twitty.

Defendant also argues that the timing of events makes Walker's testimony "highly improbable." (Def. Obj. 4.) The Defendant executed the waiver between 2:03 and 2:04 a.m. and Officers called the Sheriff's office at 2:05 a.m. to run a check on one of the weapons. (Id.) Defendant concludes that it is unlikely that "it took less than a minute to at least partially execute the search, seize one of the weapons, get the serial numbers and contact the Sheriff's office." (Id.)

The timing of events actually supports Walker's testimony. Walker testified that the officers knew the location of the weapons before the Defendant signed the waiver. Thus, it is likely that after the waiver was signed, the Officers proceeded immediately to the office where the weapons were located and

4

called in the serial numbers the minute after the waiver was signed.

After a review of the hearing transcript, the Court finds that the testimony of Walker is credible. "When a magistrate's findings and recommendations rest upon the evaluation of the credibility of a witness, the district court is not required to rehear the testimony in order to conduct a de novo determination of the issues." U.S. v. Bermudez, 228 F.3d 424, 2000 WL 1871676, at *3 (6th Cir. Dec. 11, 2000) (citing U.S. v. Raddatz, 447 U.S. 667, 675-76 (1980)). No evidence was presented to contradict the testimony of Walker. The Magistrate Judge's proposed findings of fact based on Walker's testimony are ADOPTED.

**B. Objections to Proposed Conclusions of Law**

The gravamen of Defendant's objection to the Magistrate Judge's conclusions of law amounts to an objection to the Magistrate Judge's proposed findings of fact. "At its core, the Magistrate's Report is based on the conclusions that first Deputy Walker's testimony is credible, second that his entry into the Defendant's place of business was legal and that the seizure of the weapons, which are subject of the motion, occurred only after Defendant had freely and voluntarily executed a waiver." (Def. Obj. 2.)

5

Defendant argues that his consent to entry was not free and voluntary. "Defendant submits that what actually happened is that Walker frisked Defendant in the parking lot where he discovered the cocaine packet. Defendant was effectively in custody before Walker entered the building, and Defendant was given no option to deny Walker entry to the business premises." (Def. Obj. 3.) According to the facts, Walker did not frisk Defendant until they were inside Defendant's place of business. Defendant's objection to the legal conclusion that he freely and voluntarily gave consent rests on the Court rejecting the Magistrate Judge's findings of fact. Because the proposed findings of fact have been adopted, and the Defendant was not in custody when he consented to Walker's entry, Defendant's objection to the Magistrate Judge's legal conclusion is unfounded.

Defendant argues that the ineffectiveness of his refusal to empty his pocket demonstrates that he did not know that he had a right to refuse entry into the building. (Id.) According to the facts, Defendant consented to Walker's entry before he was asked to remove the bulge in his pocket. Therefore, the argument that if Defendant "had no right to refuse that he empty his pocket," he had no reason to believe that he had any right to deny entry to the building is unavailing. This argument is also unpersuasive to demonstrate that Defendant did not sign the

6

waiver freely and voluntarily.  Defendant voiced no objection prior to signing the waiver nor attempted to refuse to sign the waiver.

Defendant argues that United States v. Chambers, 395 F.3d 563 (6th Cir. 2005) requires suppression here because when "evidence of a crime has been discovered after an entry and before the execution of a waiver [, such] events create a highly coercive atmosphere where any refusal to submit to a search [would be] a futile gesture amounting to 'closing the barn door after the horse is out.'"  (Def. Obj. 5.)  The circumstances in Chambers, however, are not analogous to those present in the case at bar.  In Chambers, the Sixth Circuit held that a Defendant's waiver made after an illegal entry was ineffective.  Here, Walker's entry was not illegal.  Defendant consented to Walker's entry into his place of business.  Therefore, the subsequent waiver was not invalidated by the Officer's illegal entry.

The Court has reviewed the legal conclusions to which Defendant objects de novo and affirms the Magistrate Judge's conclusions of law.  The Magistrate Judge's conclusions are supported by the evidence, are reasonable, and are not clearly erroneous.  The Magistrate Judge's conclusions of law are ADOPTED.

**IV. CONCLUSION**

For the foregoing reasons, the Court ADOPTS the Magistrate Court's Report and Recommendation denying Defendant's motion to suppress.  Defendant's motion to suppress is DENIED.

So ordered this 14th day of August, 2009.

                                        s/ Samuel H. Mays, Jr.
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE